UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JEFFREY ROLLINS DAVIS,

  *Plaintiff*,

v.                                                Case No. SA-23-CV-00791-JKP

JONATHAN J. ZAGER, JZ PRODUC-
TIONS, INC.,

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Jonathan Zagar and JZ Productions (Zagar Defendants) Motion for Partial Dismissal. *ECF No. 18*. Plaintiff Jeffrey Davis responded. *ECF No. 22*. Also before the Court is Davis's Motion for Partial Dismissal of the Zagar Defendants' counterclaims. *ECF Nos. 23,28*. The Zagar Defendants responded. *ECF No. 25,34*. Upon consideration, both motions are DENIED.

### Factual Background

Davis, a personal injury attorney, filed this action against his cousin Jonathan Zager and Zager's company, JZ Productions ("JZP"), alleging the parties orally agreed ten years' ago that Zagar, through JZP, would provide consulting and collaboration in Davis's extensive advertising campaign in many cities in Texas. *ECF No. 16*. The Zagar Defendants would provide media planning and buying on Davis' behalf and production of advertising deliverables. In these ten years, Davis alleges he invested millions of dollars in building his law firms' brand to market his practice. Several disputes arose between the parties regarding, among other things, billing prac-

tices, compensation that remained unpaid and the parties' competing claims to ownership of Davis's commercials and other advertising deliverables related to Davis's trademarks, copyrights, and his name, image and likeness (NIL). *Id. at pars. 7-19*.

In his First Amended Complaint, Davis seeks multiple declaratory judgments regarding trademark and copyright ownership and non-infringement by Davis under Federal and Texas law, and also asserts causes of action for breach of fiduciary duty, fraud and conversion. The Zagar Defendants assert counterclaims for breach of contract, quantum meruit, promissory estoppel and common law fraud. *ECF No. 19*. Davis filed this Motion for Partial Dismissal pursuant to Federal Rule 12(b)(6) for failure to state a claim seeking dismissal of the Zagar Defendants' counterclaims. The Zagar Defendants filed this Motion for Partial Dismissal pursuant to Federal Rule 12(b)(6) for failure to state a claim seeking dismissal of Davis's causes of action for breach of fiduciary duty and fraud.

**Legal Standard**

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for

dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

**Discussion**

**1. The Zagar Defendants' Motion for Partial Dismissal[1]**

**A. Breach of Fiduciary Duty**

The Zagar Defendants argue Davis cannot state a claim for breach of fiduciary duty because, as a matter of law, there was no principal-agency relationship between the two. The Zagar Defendants contend Davis asks this Court "find that all of the facts alleged in [Davis's Complaint and the Zagar Defendants' counterclaim] gave rise to a principal-agency relationship, and therefore, [the Zagar Defendants] owed [Davis] a fiduciary duty." *ECF No. 18, par. 8*. The Zagar

---

[1] Davis contends the Court should strike this Motion for Partial Dismissal due to the Zagar Defendants' failure to comply with the Court's Standing Order requirement that they provide prior notice to Davis of the specific deficiencies in the pleading and the basis of an anticipated Motion to Dismiss. It appears this contention has merit, and the Zagar Defendants did not provide the requisite specific notice. However, in the interest of judicial economy, this Court will proceed to determine the substantive merits of the Zagar Defendants' motion.

Defendants go on to provide extensive legal argument why there exists no fiduciary duty by law, contract, or informally. *Id. at pars. 10-24*.

The Zagar Defendants' arguments are better suited for a summary judgment motion. In presenting legal argument to support their position on the cogency of the cause of action, the Zagar Defendants conflate Davis's obligation at this stage of litigation to plead a plausible cause of action with his obligation to provide evidence to prove the cause of action. At this stage of litigation, Davis need not prove he has a viable cause of action but need only present enough facts to provide notice of the basis of the cause of action and to show he can present a plausible cause of action. *See Ashcroft v. Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 563 n.8, 570. In fact, contrary to the Zagar Defendants' argument, this Court must accept all well-pleaded facts as true and view the facts in the light most favorable to Davis when reviewing this Motion to Dismiss filed by the Zagar Defendants. *See Martin K. Eby Constr. Co.*, 369 F.3d at 467. In doing so, this Court does not make a determination as to the viability of the cause of action, as the Zagar Defendants contend, but is simply analyzing whether Davis plead a plausible cause of action. For these reasons, the Zagar Defendants' arguments must fail. In any event, the Court will analyze the facts plead in Davis's live Complaint to determine if he satisfied his burden under Federal Rule 12(b)(6).

"[T]he elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). A person has a fiduciary relationship with another person when that person is under a duty, created by law or contract, to act on or give advice. *Stephanz v. Laird*, 846 S.W.2d 895, 901 (Tex. App.—Houston [1st Dist.] 1993, writ denied). In Texas, there exist two types of fiduciary relationships; the relationship may consist of formal fiduciary relations or of informal relations in which one person places a special confi-

dence in another who, in equity and good conscience, is bound to act in good faith and with due regard for the interest of the person placing the confidence. *Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 507 (Tex. 1980). The first, a formal fiduciary relationship, "arises as a matter of law and includes the relationships between attorney and client, principal and agent, partners, and joint venturers." *Abetter Trucking Co. v. Arizpe,* 113 S.W.3d 503, 508 (Tex.App.-Houston [1st Dist.] 2003, no pet.)). The second, an informal fiduciary relationship, may arise in the context of informal moral, social, domestic, or personal relationships in which one person trusts and relies on another. *Schlumberger Tech. Corp. v. Swanson,* 959 S.W.2d 171, 176 (Tex. 1997); *Entm't Merch. Tech., L.L.C. v. Houchin*, 720 F. Supp. 2d 792, 796 (N.D. Tex. 2010). "However, a fiduciary relationship is an extraordinary one and will not be lightly created; the mere fact that one subjectively trusts another does not, alone, indicate that he placed confidence in another in the sense demanded by fiduciary relationships because something apart from the transaction between the parties is required." *American Medical Int'l, Inc. v. Giurintano,* 821 S.W.2d 331, 339 (Tex.App.-Houston 1991, no pet.). Whether such a duty exists depends on the circumstances. *Lundy v. Masson,* 260 S.W.3d 482, 501 (Tex.App.-Houston 2008, pet. denied). The existence of an informal fiduciary relationship is ordinarily a question of fact, but when the underlying facts are undisputed, it becomes a question of law. *Anglo–Dutch Pet. Int'l v. Smith,* 243 S.W.3d 776, 782 (Tex.App.-Houston 2007, pet. denied); *Wellogix, Inc. v. Accenture, LLP*, 788 F. Supp. 2d 523, 545 (S.D. Tex. 2011).

In his First Amended Complaint, Davis alleges Zagar held a fiduciary duty created by their familial bond, and Zagar held a position of confidence and trust in his consulting relationship to provide media consulting and purchasing. *ECF No. 16, pars. 10-14, 38-51*. Davis alleges Zagar breached this fiduciary duty by exploiting his position of trust and confidence as Davis's

5

cousin to create a scheme whereby Zagar imposed and concealed deceptive billing practices by grossly overcharging Davis amounts that far exceeded what Davis would otherwise been charged in the relevant market. *Id*. Davis alleges he justifiably trusted his cousin, Zager, not to abuse his familial relationship under their oral agreement; Davis was justified in believing the Zagar Defendants would act in his best interests based upon the principal/agency relationship under their oral agreement and his decades' long relationship of trust and confidence with Zager; this overcharging caused Davis to overpay the Zagar Defendants "by several millions of dollars." Davis alleges that by engaging in deceptive billing practices, the Zagar Defendants "failed to demonstrate loyalty and utmost good faith; lacked candor; effectuated hundreds of unfair, inequitable, and self-dealing transactions; failed to demonstrate integrity of the strictest kind; were unfair and dishonest dealing; and did not constitute full disclosure to their principal." *Id.*

These factual allegations are sufficient to plead a plausible cause of action. Davis provides factual support for each element of the cause of action to provide sufficient notice to the Zagar Defendants of the basis of the cause of action. The Zagar Defendants may disagree whether the parties held a valid contractual agreement, whether the Zagar Defendants committed the alleged acts, and whether the allegations may constitute a breach of fiduciary duty. However, at this stage of the litigation, the focus is not on whether Davis will ultimately prevail, but whether he adequately asserted a plausible cause of action. *See Twombly*, 550 U.S. at 563 n.8. Because Davis alleges enough to state a plausible claim, the Zagar Defendants' motion to dismiss the breach of fiduciary duty cause of action shall be denied.

### B. Fraud

The Zagar Defendants argue Davis's fraud cause of action should be dismissed because the misrepresentation alleged is too vague and imprecise to constitute a material misrepresenta-

tion. *ECF No. 18, par. 27*. In addition, the cause of action should be dismissed because Davis "cannot carry his burden of proving that [Zagar] made a false statement of fact and/or [Zagar], when he made the representation, knew the representation was false or made the representation recklessly, as a positive assertion, and without knowledge of its truth." *Id. at par. 28*.

Again, the Zagar Defendants present positional arguments on the substantive merits of the fraud cause of action and present no argument pertaining to any specific deficiency of pleading. At this stage of the litigation, Davis need not "carry his burden of proving" the elements of the fraud cause of action. For this reason, the Zagar Defendants' arguments must fail, and the motion to dismiss the fraud cause of action will be denied.

    **2. Davis's Motion for Partial Dismissal**

        **A. Quantum Meruit**

Davis contends he is entitled to dismissal of the quantum meruit counterclaim because the Zagar Defendants admit there is "a valid and express contract" between the parties, and this admission precludes the cause of action as a matter of law. Davis then presents argument pertaining to his position on the substantive merits of the cause of action. *ECF No. 23, pars. 10-14*.

"Generally, a party may recover under quantum meruit only where there is no express contract covering the services or materials furnished." *Ramsland v. WFW Family, LP*, No. 05-17-00326-CV, 2018 WL 1790080, at *10 (Tex. App.—Dallas Apr. 16, 2018, pet. denied). "To recover under quantum meruit, a claimant must prove that: (1) valuable services were rendered or materials furnished, (2) to the person sought to be charged, (3) which services or materials were accepted, used and enjoyed by that person, (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, was expecting to be paid by him." *Fulgham v. Fischer*, 349 S.W.3d 153, 159 (Tex. App.—Dallas 2011, no pet.).

As support, Davis cites to three alleged admissions in the Zagar Defendants' Amended Answer and Counterclaims. Review of the cited admissions reveals this representation of the admissions to be untrue. The Zagar Defendants do admit the parties "entered into an agreement approximately ten (10) years ago," the parties' business relationship "began on a consulting basis in November 2013 but soon evolved to an oral outsourced media agreement," and "terms of the contract were clear and can be proven by the pattern of communication." *ECF No. 19, pars. 11, 71-72*. However, nowhere in these cited admissions do the Zagar Defendants admit the parties entered a valid and express written contract. In fact, Davis admits the contract upon which he bases this action is an oral contract. Based upon these admissions from both parties, a jury must determine the terms of the oral contract.

Davis's positional arguments on the substantive merits of the quantum meruit cause of action and misrepresentation of the Zagar Defendants' admissions cannot serve as basis for dismissal of the counterclaim. Davis presents no argument pertaining to any specific deficiency of pleading. For these reasons, Davis's arguments must fail, and the motion to dismiss the Zagar Defendants' quantum meruit counterclaim will be denied.

### B.  Promissory Estoppel

Similar to the quantum meruit counterclaim, Davis contends the promissory estoppel counterclaim should be dismissed because "'promissory estoppel becomes available to a claimant only in the *absence* of a valid and enforceable contract. Thus, similar to the analysis above regarding [the Zagar Defendants'] counterclaim under quantum meruit, [the Zagar Defendants's] promissory estoppel counterclaim is barred as a matter of law because there was a valid express contract covering the services provided to Plaintiff by [the Zagar Defendants.]'" *ECF No. 23, par. 16*.

Again, nowhere in the cited admissions do the Zagar Defendants admit the parties entered a valid and express written contract. action. Based upon both parties' admissions that the contract is an oral contract, a jury must determine its specific terms. Davis's positional arguments on the substantive merits of the promissory estoppel counterclaim and misrepresentation of the Zagar Defendants' admissions cannot serve as basis for its dismissal. Davis presents no argument pertaining to any specific deficiency of pleading. For these reasons, Davis's arguments must fail, and the motion to dismiss the Zagar Defendants' promissory estoppel counterclaim will be denied.

### C. Fraud

Davis contends the Zagar Defendants' fraud counterclaim should be dismissed because they fail to comply with the particularity pleading requirement of Federal Rule 9(b). *ECF No. 23, par. 21*. Specifically, Davis contends the Zagar Defendants' First Amended Counterclaim does not include allegations regarding the specific place or time Davis made the alleged representations that form the basis of the fraud counterclaim and fails to include allegations regarding what Davis gained from making such representations. *Id. at pars. 21-22*.

Davis goes on to argue the substantive merits of the fraud counterclaim. Davis contends the Zagar Defendants' allegations that Davis "repeatedly represented to [Zagar] that he would always pay his bill" and "never run out on his bill," and "never not pay" Zagar and that Davis "promised [Zagar] that, "if anything ever happened to him, Gabrielle [Davis's wife] would pay" Zagar are not sufficient to meet the required specificity of pleading for a fraud cause of action under Texas law. Finally, Davis contends the Zagar Defendants' fraud counterclaim should be dismissed because the Zagar Defendants cannot carry their burden of proof. *Id*.

The elements of a fraud cause of action are: (a) the defendant made a material representation; (b) the representation was false; (c) the misrepresentation was either known to be false when made, or was asserted without knowledge of its truth; (d) the misrepresentation was made with the intent that the plaintiff act or rely upon it; (e) the plaintiff relied upon the misrepresentation and suffered injury. *In re Merit First Bank,* 52 S.W.3d 749, 758 (Tex. 2001). Federal Rul 9(b) imposes certain pleading requirements on fraud causes of action, requiring: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). In addition, a plaintiff must "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002); *Nathenson v. Zonagen Inc.,* 267 F.3d 400, 412 (5th Cir. 2001) (quoting *Williams v. WMX Tech., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997)).

In their Amended Answer and Counterclaim, the Zagar Defendants set forth the specific statements alleged to be material misrepresentations, as quoted by Davis in his motion, the identity of the person making the misrepresentation (Davis), and what Davis obtained by making the representation, that is, the Zagar Defendants would continue to perform all services without correct payment, causing damages in the amount of $1,587,548.70. *ECF No. 19, pars. 106-114.* While the Zagar Defendants do not state a specific date, they do allege a general time frame; while the Zagar Defendants do not state a specific place or conversation, both parties admit the parties' business relationship transpired in two different states and over telecommunication. Therefore, specific pleading of these facts may not be possible. Consequently, while the Zagar Defendants do not allege specific facts of time and place, they do allege sufficient facts to satisfy

10

the pleading requirement of Federal Rule 9(b) because they sufficiently inform Davis of the basis of the fraud counterclaim, and it is clear from Davis's own pleading and briefing he understands and has sufficient notice of the basis of the counterclaim.

Finally, the Zagar Defendants present positional arguments on the substantive merits of the fraud counterclaim and contend it should be dismissed because the Zagar Defendants cannot meet their burden of proof. At this stage of the litigation, the Zagar Defendants need not prove the elements of the fraud counterclaim. Therefore, this argument is without merit.

For the reasons stated, Davis's arguments must fail, and the motion to dismiss the fraud counterclaim will be denied.

## Conclusion

For the reasons stated, the Zagar Defendants' Motion for Partial Dismissal is **DENIED**, and Davis's Motion for Partial Dismissal is **DENIED**.

It is so ORDERED.
SIGNED this 14th day of December, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE