IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEFFREY ROLLINS, | § § § | |
| *Plaintiff,* | § § | SA-23-CV-00791-JKP |
| vs. | § § § | |
| JONATHAN J. ZAGER, JZ PRODUCTIONS, INC., | § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Defendant Jonathan J. Zager's Motion for Protective Order [#35], by which Defendant objects to the noticed location of his deposition and seeks a protective order directing that the deposition take place in Los Angeles, his city of residence. The Court held a hearing on the motion on December 12, 2023, at which counsel for all parties appeared via videoconference. The Court orally denied the motion at the close of the hearing and directed the parties to confer on dates for the deposition. The Court now confirms the details of its oral rulings in writing.

Rule 26(c) authorizes this Court to enter a protective order for "good cause" to protect a party from annoyance, embarrassment, oppression, undue burden or expense. Fed. R. Civ. P. 26(c)(1)(B). Typically, the party noticing the deposition designates its location. Although this Court has discretion in determining the place of a deposition, the party seeking the protective order retains the burden of establishing the protective order's necessity. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). The deposition's location will not be changed absent a specific showing of burden or hardship tied to the individual's circumstances. *See id.* (finding

1

abuse of discretion where district court entered protective order based on conclusory assertions unsupported by any particular and specific facts demonstrating good cause).

Here, Plaintiff noticed Defendant's deposition to be held in San Antonio, Texas, at the office of Plaintiff's counsel, on January 18, 2024.  Defendants argue that there is a presumption that Defendant's residence—Los Angeles, California—is the default location for his deposition.  However, this preference for a location favorable to the Defendant applies to the deposition of a corporate representative, not individual defendants.  *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (citing Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed.) ("The deposition of a corporation by its agents and officers should ordinarily be taken as its principal place of business.")).  In the context of Rule 30(b)(6) depositions, some district courts have found this "presumption" satisfies the Rule 26(c) requirement of good cause for obtaining a protective order.  *See, e.g.*, *Turner v. Kansas City S. Ry. Co.*, No. CIV.A. 03-2742, 2008 WL 4444282, at *1 (E.D. La. Sept. 24, 2008), *aff'd sub nom. Turner v. Kansas City S. Ry. Co.*, No. CIV.A. 03-2742, 2008 WL 4861293 (E.D. La. Nov. 10, 2008)); *Resol. Tr. Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992), *aff'd sub nom. Resol. Tr. v. Worldwide*, 992 F.2d 325 (5th Cir. 1993).

There is no comparable "presumption" recognized by the Fifth Circuit that an individual defendant must be deposed in his city of residence.  In general, however, courts are more willing to protect a defendant from having to come to the forum for the taking of his or her deposition than they are inclined to protect a plaintiff, who chose the forum.  Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2112.  Yet the defendant seeking to change the location of the deposition must still articulate some basis of burden or hardship to obtain a protective order, as dictated by Rule 26.  *In re Terra Int'l*, 134 F.3d at 306.

Defendant's motion does not articulate any specific burden caused by traveling to San Antonio for the deposition in his motion but rather merely rests on the argued presumption. When pressed at the hearing, Defendant's counsel simply argued that Defendant should not be required to take one to three days away from work and home for the deposition and travel. In light of the totality of the circumstances in this case, the Court finds Defendant has not satisfied his burden to demonstrate that conducting the deposition in San Antonio poses an undue hardship. This case concerns a business relationship that involved Defendant previously traveling to San Antonio on multiple occasions. Travel between Los Angeles and San Antonio is not particularly expensive or logistically difficult. Additionally, other factors weigh in favor of holding the deposition in San Antonio.

First, there are eight attorneys of record in this case. All but one (who is in Los Angeles) are located in Texas (Houston, San Antonio, Richardson, and Austin). Second, the deposition of Plaintiff has also been noticed for January 2024, and counsel will already be traveling to San Antonio for this deposition, and Defendant would certainly have the right to be present. Requiring the parties to consolidate the depositions into a single day or schedule them on consecutive days is the best course for conserving resources of the parties and their counsel. At the hearing, Plaintiff indicated he has no objection to revisiting the date of his deposition so that the parties may schedule both depositions to occur over a two-day period. Defendant did not articulate any good cause for not coordinating the deposition of Plaintiff and Defendant.

However, Defendant's counsel did express concern regarding having the deposition in the office of Plaintiff's counsel. At the hearing, counsel for Plaintiff indicated that Plaintiff does not object to conducting the deposition at a neutral location. A neutral location levels the playing field for the parties in the completion of Defendant's deposition, while minimizing the

expenditure of additional resources. The parties should therefore confer on whether they can agree to a neutral location. If the parties cannot agree on a neutral location, the deposition will take place at the federal courthouse in San Antonio.

Accordingly, the Court will deny the motion for a protective order; order the parties to confer on new dates that work for all counsel's schedules and on a neutral location for Defendant's deposition; and order the parties to conduct both Plaintiff's and Defendant's depositions in San Antonio within a reasonable time frame agreed upon by the parties.

**IT IS HEREBY ORDERED** that Defendant Jonathan J. Zager's Motion for Protective Order [#35] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties confer on a mutually agreeable date and time for Plaintiff's and Defendant's depositions to occur on consecutive days in San Antonio, Texas. If the parties decide to notice Defendant's deposition for the federal courthouse, they must first contact Kim Nguyen, Divisional Manager of the San Antonio Courthouse, at kim_nguyen@txwd.uscourts.gov regarding conference or jury room availability and to confirm a date.

SIGNED this 15th day of December, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE